RALEIGH OPERATING CO., Inc. v. NAGLO CORPORATION, et al.

Circuit Court, Dade County.

February 17, 1953.

Warren, Klein, Lehrman, Shorenstein & Kline, Miami Beach, for plaintiff.

Anderson & Nadeau, Miami, for defendants.

VINCENT C. GIBLIN, Circuit Judge.

On April 15, 1940, Naglo Corporation leased to Shore Corporation, for an initial term of ten years, certain parcels of ocean front property at Miami Beach. By the lease the lessee was given the right, exercisable on notice, to a new lease or a renewal of the original lease for nine consecutive additional terms, eight of ten years each and the last of nine years.

The parties covenanted and agreed "that if at any time during the life of this lease a part of said real estate, or the improvements thereon, be taken or damaged by reason of the exercise of the right of eminent domain, there shall be no cessation or abatement of the rent herein provided to be paid by the lessee to the lessor."

The lease contains the provisions that "all covenants, agreements, conditions and undertakings [therein contained] shall extend to and be binding upon the successors and assigns of the respective parties [thereto], the same as if they were in each case named and expressed, and . . . the same shall be construed as covenants running with the land, and wherever [in the lease] reference is made to either of the parties [thereto], it shall be held to include the successors and assigns of such party, the same as if in each and every case so expressed."

On August 23, 1940, Raleigh Operating Co., Inc., the plaintiff in this suit, acquired, through assignment, the leasehold interest created by the mentioned lease.

On January 12, 1951, while the lease or an extension or renewal thereof was still in effect, the city of Miami Beach instituted in this court a condemnation proceeding for the purpose of acquiring a portion of the demised premises. Had the proceeding followed the usual course to a conclusion, Raleigh Operating Co., Inc., as the owner of the leasehold interest, would have been entitled to

an award to compensate it for its interest appropriated by the city; and Nathan Glosser and Fannie Glosser, his wife, Bessie Silberstein and Freda R. Bernstein (the successors in interest of Naglo Corporation, the mentioned lessor), as the owners of the fee interest, would also have been entitled to an award to compensate them for their interest appropriated by the city. The proceeding, however, was not litigated to a conclusion. The parties reached an accord pursuant to which the city paid a gross award of $50,000 for both interests; but there was no agreement as to the apportionment of the fund, which, by stipulation, was placed in escrow with Alexander S. Gordon and Aaron H. Reder (who are defendants in this suit). From the escrowed fund there have been paid, by and with the consent of all interested parties, certain costs and fees, aggregating $6,000. The remaining sum of $44,000 is in the joint custody of the escrow agents subject to a determination by this court of the respective rights of the claimants. A declaratory decree, by which such determination shall be made, is sought in this suit.

The problem presented is ridded of perplexity and an equitable solution becomes evident if we treat the award as a substitute for the appropriated unimproved land. Since, if the land had not been taken, the plaintiff would have had and enjoyed, during the life of the lease or of extensions or renewals thereof, the right to use the land, it ought now to have the right to the use of the money which stands in the place of the land or to financial relief equivalent to the value of the use of such money. See Pierson et al v. H. E. Leonard Furniture Co. (Mich.), 256 N. W. 529.

Inasmuch as the annual rental payable under the lease far exceeds the annual interest obtainable by safe investment of the money, it is unnecessary to trustee the $44,000 fund. Accordingly, it is decreed that the defendants Alexander S. Gordon and Aaron H. Reder shall, and they are required to, surrender and deliver immediately to the defendants Nathan Glosser and Fannie Glosser, his wife, Bessie Silberstein and Freda R. Bernstein, such escrowed fund ($44,000); and that on such surrender and delivery the title to such fund shall be exclusive in such defendants, who are not required to impound it or to set it aside as a trust fund. It is further decreed, however, that such defendants and their successors and assigns shall be and are charged with interest on such fund, from the time of the surrender and delivery of it to them, so long as the mentioned lease, or any extension or renewal thereof, shall be in effect, and that the amount of such interest shall be credited annually (on April 15, 1953, and on the fifteenth

day of each year thereafter), so long as such lease, or any extension or renewal thereof, shall be in effect, on the rental payable thereunder for the ensuing year; and the plaintiff corporation and its successors and assigns shall be entitled to such annual credit so long as the mentioned lease, or any extension or renewal thereof, shall be in effect.

The question of what rate of interest shall be specified is, of course, important. It should . be such rate as is obtainable by investment of the money in the highest grade securities. It is decreed that, until the further order of this court, the rate of such interest shall be three and one-half per cent per annum. This court, however, retains jurisdiction for the purpose of specifying a different rate, from time to time, as and when changed economic and financial conditions warrant the specification of a changed interest rate.